UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


UNITED STATES OF AMERICA                                         PLAINTIFF

v.                                               CIVIL ACTION NO. 3:10CV-712-S

STEWART MECHANICAL ENTERPRISES, INC., et al.              DEFENDANTS


AMERICAN TAX FUNDING, LLC                                        PLAINTIFF

v.                                                              3:12CV-230-S

SCOTT A. DISTLER, et al.                                        DEFENDANTS


**MEMORANDUM OPINION**


The Commissioner of Internal Revenue assessed employment taxes against Stewart

Mechanical Enterprises, Inc. ("Stewart Mechanical") for various tax periods in 2004, 2005, and

2006.  Notices of federal tax liens were filed against Stewart Mechanical in Jefferson County,

Kentucky on 7/11/06, 8/24/06, 9/22/06, and 11/24/10.  Stewart Mechanical ceased doing business

in 2007 and the corporation was administratively dissolved for failure to file its 2007 annual report.

(DN 14, Ex. 22).

In November, 2010, the United States filed this action to reduce to judgment the unpaid

assessments of federal employment tax, unemployment tax, penalties and interest.  The action also

seeks to foreclose the federal tax liens against a promissory note held by Stewart Mechanical and

secured by a mortgage pledged to Stewart Mechanical on a parcel of real property in Jefferson County titled to defendant Scott A. Distler.

Distler was an employee of Stewart Mechanical from 1977 until November of 2005. He served as President of the company from 1994 until April, 2005. On October 1, 2001, Distler executed a promissory note to Stewart Mechanical, agreeing to pay $158,008.64 with interest at 6.75 percent per annum over a period of sixty months. (DN 14-16). The promissory note was secured by a mortgage on a parcel of property located at 317 Sprite Road, Louisville, Kentucky, Distler's residence. (DN 14-16).

Distler has admitted that he failed to make payments on the note and has not received a deed of release. (Dn 14-16). In his answers to requests for admissions propounded by the United States, Distler responded that "I have never made any payments to Stewart Mechanical Enterprises, Inc., as promised in [the October 1, 2001 promissory note]. I can't make payments because it doesn't exist as a corporate entity." (DN 14-16, ¶ 3). The note was executed on October 1, 2001, with sixty payments to be made between November 1, 2001 and October 1, 2006. The dissolution of the corporation in 2007 is wholly irrelevant to Distler's failure to meet his obligations under the note.

Distler has not articulated any legal theory by which his obligation on the note would have been extinguished by the dissolution of the corporation. Rather, he attempts to argue that judgment cannot be entered against Stewart Mechanical because it is no longer a viable corporate entity. Distler lacks standing to assert the rights of Stewart Mechanical. He has standing only to address his own interests vis-a-vis the promissory note and mortgage.

The promissory note stated that

It is understood and agreed that in the event the undersigned shall fail to pay any installment as herein provided when due and such amount remains unpaid for a

period of thirty (30) days past its due date, then the entire principal balance of this note shall become forthwith due and payable, without presentment, notice, protest, or demand of any kind, all of which are hereby expressly waived.  In addition, upon default the undersigned agrees to pay interest on the unpaid principal balance of this promissory note at the rate of 6.75 per cent per annum from the date of default until paid in full.

(DN 14-16).

Distler admits that he conveyed the promissory note to Stewart Mechanical.  The note evidences an obligation to pay the agreed sum to Stewart Mechanical, and bears Distler's signature. Thus upon Distler's admitted default, Stewart Mechanical appears to have had the right to immediate and full repayment of the debt and the concomitant right to foreclose on the collateral pledged as security for the note, according to the note's terms.  ("This promissory note is secured by a Mortgage of even date herewith on real property located at 317 Sprite Road, Louisville, Jefferson County, Kentucky." DN 14-16).  No party has disputed the validity or enforceability of the note by Stewart Mechanical.

Stewart Mechanical has not appeared in this action, and default has been entered against it in favor of the United States on the tax assessments which the United States now seeks to reduce to judgment.  Distler contends that the default should be vacated, as there was insufficient service of process on Stewart Mechanical.  He urges that service was improper on J. Chris Maron, the individual served with process in this suit, who was no longer process agent or President of the company as of the date it ceased doing business in 2007.  (*See* DNs 16, p. 3; 14, Ex. 23).

Distler lacks standing to challenge service of process on Stewart Mechanical.  Additionally, Distler's argument is legally incorrect.  *See, Corporate Services v. Shumaker*, 2010 WL 4340559, *2 (W.D.Ky. Oct. 27, 2010)(under federal and Kentucky law, after dissolution, service proper on registered agent or officer at time corporation dissolved).

Assessments by the Commissioner of Internal Revenue are entitled to a presumption of correctness. *United States v. Fior D'Italia*, 536 U.S. 238, 242 (2002). Distler is the only party to challenge the default against Stewart Mechanical. As Distler's contentions are without merit, the United States' motion for default judgment against Stewart Mechanical will be granted to the extent that the United States seeks to reduce the tax assessments against Stewart Mechanical to an executable judgment.

The United States has also obtained default against Steven J. Kriegshaber who holds a judgment against Distler in the amount of $2,184.67 as of December 20, 2006, the date a lien for this judgment was filed of record against the Sprite Road property. The United States contends that it is entitled to default judgment with respect to the judgment lien, because Kriegshaber waived service in this case, and failed to assert an interest in the property. Therefore, default judgment will be entered against Kriegshaber, finding that his judgment lien is subordinated to the claims of the United States which he has not contested.

The United States similarly seeks default judgment against the Kentucky Department of Revenue ("KDR") which lodged ad valorem tax liens against the Sprite Road property. KDR waived service but has not appeared to assert its interest. Default was therefore entered against it in favor of the United States.

It appears to the court that default judgment may not be appropriate against KDR. Indeed, it may be appropriate to vacate the default in light of the claims asserted in a related action, *American Tax Funding, LLC v. Scott A. Distler, et al.,* Civil Action No. 3:12CV-230-M (the "*Tax Funding* case").

This state court action instituted by American Tax Funding, LLC ("ATF") was removed to federal court by the United States on May 7, 2012. The matter was assigned to Judge Joseph H. McKinley, Jr. The *Tax Funding* case was reassigned to this court's docket for all further proceedings (DN 6). Presently before the court is a motion by the United States made in the *Tax Funding* case to consolidate the two cases (DN 5). The court finds that the motion to consolidate is well-taken, as the actions involve competing interests in the Sprite Road property. There have been no objections to the motion. Therefore, the motion will be granted and the cases will be consolidated. The United States also seeks forty-five days in which to respond to ATF's complaint (DN 5). That extension of time will also be granted.

In the *Tax Funding* case, ATF alleges that it purchased the ad valorem tax claims for the Sprite Road property from the Jefferson County Sheriff, pursuant to KRS Chapter 134, and was issued Certificates of Delinquency setting out the delinquent sums. ATF seeks an adjudication that its liens have priority over all other liens or obligations associated with the property. Thus it appears that ATF may stand in the shoes of the KDR in asserting the priority of liens. If indeed such is the position of ATF, the claims against KDR can not be found defaulted. Neither default nor default judgment would be appropriate. As the United States has sought additional time to respond to the complaint, the motion for default judgment against KDR will be denied. The court will address the matter of the default against KDR once the issues have been joined.

Lastly, we address the contention of the United States that it is entitled to judgment against Distler and all other lien holders with an asserted interest in the Sprite Road property. The United States attempts to address the last piece of the puzzle – its assertion that the United States may attach and sell the Sprite Road property in satisfaction of the federal tax debt owed by Stewart Mechanical.

DO1

- 5 -

As noted earlier, Stewart Mechanical has not appeared and is not itself seeking to foreclose on the mortgage. The court has concluded, however, that pursuant to the plain terms of the promissory note and the admissions of Distler himself in this case, Stewart Mechanical had and continues to have a right to foreclose on the Sprite Road mortgage upon Distler's default on the note. (*See* KRS 271B.14-050 concerning the effect of dissolution of a corporation).

Pursuant to Section 7403(a) of the Internal Revenue Code, 26 U.S.C. § 7403(a), the United States is authorized through a civil action in federal court to "subject any property, of whatever nature, of the delinquent [taxpayer], or in which he has any right, title, or interest, to the payment of such tax." The United States took steps to perfect federal tax liens in Kentucky by filing in the office of the Jefferson County Clerk. 26 U.S.C. § 6323(f); KRS 382.480(1). It contends that "[a]ccordingly, the United States is the holder of valid and subsisting tax liens that encumber all property and rights to property owned or thereafter acquired by Stewart Mechanical in Jefferson County, Kentucky." (DN 14, p. 8).

However, the court concludes that a decision concerning the priority of liens on the Sprite Road property is premature and cannot not be decided on the United States' motions. ATF having challenged the United States' assertion of priority, it must be afforded an opportunity to address the United States' contentions. Also, the ATF complaint named a number of additional purported lien holders who must also be afforded an opportunity to assert their claims. Additionally, it is not clear to this court whether federal tax liens may be found to attach to real property[1] on which the tax debtor merely holds a mortgage pledged by another as collateral for a debt, or whether the United States may reach only the interest in property acquired by the debtor.

---

[1]*See ie.* DN 15-2, US Tendered Order; DN 14-4, US Tendered Order.

For these reasons, the motions of the United States will be granted in part and denied in part, as will be set out in a separate order entered this date.  The motion of Scott Distler to vacate, overrule, and dismiss (DN 16) will be denied.

**IT IS SO ORDERED.**

June 15, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

DO1

- 7 -