UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                                          NO. 3:10-CV-712-CRS

STEWART MECHANICAL ENTERPRISES, INC.,
SCOTT A. DISTLER,
KENTUCKY DEPARTMENT OF REVENUE,
STEVEN J. KRIEGSHABER,
THE CHUBB CORPORATION,
AMERICAN TAX FUNDING, LLC,
CAROLYN D. MOUNTJOY
COMMONWEALTH OF KENTUCKY WORKFORCE DEVELOPMENT
CABINET *ex rel.* DIVISION OF UNEMPLOYMENT INSURANCE,
BIG SPRING COUNTRY CLUB, INC., and
LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT                                DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on the United States' motion for summary judgment. (DN 48). Defendant Scott A. Distler ("Distler") has responded to the motion (DN 49), and the United States has replied (DN 50). Fully briefed, the matter is now ripe for adjudication. For the reasons stated herein, the United States' motion for summary judgment (DN 48) will be granted.

I.

The following facts are undisputed. Stewart Mechanical Enterprises, Inc. ("Stewart Mechanical") is a Kentucky corporation that was administratively dissolved on November 1, 2007 for failure to file its 2007 annual report. The United States claims that at the time of Stewart Mechanical's dissolution, the United States had assessed over $1.4 million in federal employment and unemployment taxes against it. The United States filed notices of federal tax liens against Stewart Mechanical in Jefferson County, Kentucky on July 11, 2006, August 24, 2006, September 22, 2006, and November 24, 2006.

Distler is a former employee of Stewart Mechanical. Distler began working at Stewart Mechanical in 1977 and served as its president from 1994 until his employment was terminated in 2005. On October 1, 2001, Distler executed and conveyed a promissory note to Stewart Mechanical in the amount of $158,008.64 with 6.75% annual interest. The note was secured by a mortgage on real property owned by Distler, which is located at 317 Sprite Road in Louisville, Kentucky ("Sprite Road property"). Distler is the sole owner of the Sprite Road property. The note gave Stewart Mechanical the right to demand immediate and full repayment of the note and foreclose upon the mortgaged real property if the note was not paid 30 days following its due date.[1] The note came due on October 1, 2006. Distler has yet to make any payments on the note and, before its dissolution, Stewart Mechanical did not attempt to enforce its rights under the terms of the note or the mortgage.

The United States filed this action in November 2010, seeking the following relief: (1) to reduce to judgment the unpaid assessments of federal employment and unemployment taxes, penalties, and interest made against Stewart Mechanical; (2) to foreclose the federal tax liens against the promissory note held by Stewart Mechanical and secured by the mortgage on the Sprite Road property; (3) to foreclose the federal tax liens against Stewart Mechanical's mortgage on the Sprite Road property; and (4) to sell the Sprite Road property and apply the

---

[1] The promissory note stated that

> It is understood and agreed that in the event the undersigned shall fail to pay any installment as herein provided when due and such amount remains unpaid for a period of thirty (30) days past its due date, then the entire principal balance of this note shall become forthwith due and payable, without presentment, notice, protest, or demand of any kind, all of which are hereby expressly waived. In addition, upon default the undersigned agrees to pay interest on the unpaid principal balance of this promissory note at the rate of 6.75 per cent per annum from the date of default until paid in full.

(DN 14-16, p. 8).

-2-

proceeds of the sale toward payment of the unpaid taxes, penalties, and interest which Stewart Mechanical owes to the United States.

Several of the defendants named in this action have an interest in the Sprite Road property. Defendant Steven J. Kriegshaber holds a judgment against Distler and filed a lien against the Sprite Road property on December 20, 2006. The Kentucky Department of Revenue has lodged ad valorem tax liens against the Sprite Road property, and this court has previously determined that American Tax Funding, LLC ("ATF") may have purchased these liens. (DN 23). ATF originally filed a state court action against Distler, in which it sought an adjudication that its liens have priority over any liens or obligations associated with the Sprite Road property. In our prior order, this court removed that state court action and consolidated it with this action. (DN 23). Defendants The Chubb Corporation ("Chubb Corp.")[2] and Louisville/Jefferson County Metro Government ("Metro Government") also have interests in the Sprite Road property. Chubb Corp. is a division of the Federal Insurance Company and holds a judgment against Distler and Stewart Mechanical entered in Jefferson County on September 25, 2007. Metro Government has lodged ad valorem tax liens against the Sprite Road property. Defendants Carolyn D. Mountjoy, the Commonwealth of Kentucky Workforce Development Cabinet, and Big Spring County Club, Inc. have disclaimed any interest in the Sprite Road property.

On June 15, 2012, this court granted in part and denied in part the United States' motions for a default judgment and for summary judgment. (DN 23). In its order, the court provided the following relief: it granted the United States' motion for default judgment as to Stewart Mechanical and reduced to judgment the tax assessments against it; it granted the United States' motion for default judgment as to Steven J. Kriegshaber and subordinated his judgment liens to

---

[2] The Chubb Corporation denominates itself as Chubb & Son, Inc. in its answer to the United States' amended complaint. (DN 34).

-3-

the claims of the United States; and it denied the United States' motion for default judgment as to the Kentucky Department of Revenue, on the ground that the motion was premature. The court also granted the United States' motion for summary judgment, to the extent that the United States sought to have the tax assessments against Stewart Mechanical reduced to judgment. Although the court held that Stewart Mechanical has a right to foreclose on the Sprite Road mortgage and that the United States had taken steps to perfect its federal tax liens in Kentucky, the decision regarding the priority of liens on the Sprite Road property was deemed premature. In addition, the court noted that it was unclear "whether federal tax liens may be found to attach to real property on which the tax debtor merely holds a mortgage pledged by another as collateral for a debt, or whether the United States may reach only the interest in property acquired by the debtor." (DN 22, p. 6).

The United States has now moved for summary judgment and seeks to enforce the federal tax liens it holds against Stewart Mechanical. The United States also requests that the court order the sale of the Sprite Road Property pursuant to 28 U.S.C. § 2001. Though it acknowledges that the ad valorem real property tax liens held by ATF and the Metro Government are superior in priority to its federal tax liens, the United States maintains that its liens are superior to those held by Chubb Corp. and Steven J. Kriegshaber.

## II.

A court may grant a motion for summary judgment if it finds that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying the portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving

party satisfies this burden, the nonmoving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986).

The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp*., 303 F.2d 425 (6th Cir. 1962). However, the nonmoving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. It must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252.

### III.

The United States seeks to exercise Stewart Mechanical's right to declare the promissory note in default, in addition to its right to foreclose upon the mortgage and order the sale of the Sprite Road property. For his part, Distler contends that the Sprite Road property is not "eligible for foreclosure" because Stewart Mechanical has not declared Distler in default on the note and the mortgage. Further, Distler requests that this court apply the doctrine of equitable discretion and deny the United States' request to order the sale of the Sprite Road property.

Title 26 U.S.C. § 6321 creates a lien in favor of the United States on "all property and rights to property, whether real or personal," belonging to a taxpayer who, after demand, neglects or refuses to pay any tax owing and due. The lien attaches to all property and property rights that the taxpayer then holds or subsequently acquires. *Id.* The language of § 6321 "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *Drye v. U.S.*, 528 U.S. 49, 56 (1999) (internal marks omitted). "When addressing disputes involving federal tax liens, the questions of whether a property interest exists and the precise nature of that interest are governed by state law, but the question of priority between a federal tax lien and a state-law lien is governed by federal law." *First Bancorp, Inc. v. U.S.*, — F. Supp. 2d —, 2013 WL 1966243, at *3 (W.D. Ky. May 10, 2013) (citing *U.S. v. Craft*, 535 U.S. 274, 278 (2002); *Aquilino v. U.S.*, 363 U.S. 509, 513–14 (1960); *U.S. v. Dishman Indep. Oil, Inc.*, 46 F.3d 523, 526 (6th Cir. 1995)).

The court has previously held that the United States took steps to perfect its federal tax liens against Stewart Mechanical's property, and that Stewart Mechanical has a right to foreclose on the Sprite Road mortgage. (DN 22). It is not clear, however, whether the United States' federal tax liens attach to Stewart Mechanical's rights under the Sprite Road mortgage.

The United States cites to an unpublished Tenth Circuit opinion to support its assertion that it has a right to collect on debts owed to Stewart Mechanical. *See Cimarron Elevator v. Stafford*, 21 F.3d 1120 (10th Cir. 1994). In that case, the Tenth Circuit recognized that a federal tax lien could attach to payments remaining on a promissory note payable to the delinquent taxpayer. *Id.* This holding comports with a long-standing Internal Revenue Service ruling, which states that

> [W]here a taxpayer has an unqualified fixed right, under a trust or a contract, or through a chose in action, to receive periodic payments or distributions of

property, a Federal lien for unpaid tax attaches to the taxpayer's entire right, and a notice of levy based on such lien is effective to reach, in addition to payments or distributions then due, any subsequent payments or distributions that will become due thereunder, at the time such payments or distributions become due.

Rev. Rul. 55-210, 1955-1 C.B. 544. The Sixth Circuit has also held that "[t]he fact that a taxpayer's 'rights to property' may be restricted or his enjoyment postponed does not prevent attachment" of a lien on the property. *U.S. v. Safeco Ins. Co. of Am., Inc.*, 870 F.2d 338, 341 (6th Cir. 1989) (collecting cases). Considering these principles, and applying the broad reach of 26 U.S.C. § 6321, the court finds that Stewart Mechanical has a property right to the payments due under the promissory note executed by Distler. Stewart Mechanical did not declare the note in default before it dissolved, but it had the right to declare a default and foreclose on the Sprite Road mortgage when the note came due on October 1, 2006. Accordingly, the court finds that the United States' federal tax liens attach to Stewart Mechanical's rights to property, including Stewart Mechanical's rights to demand payment of the note conveyed to Stewart Mechanical by Distler. Thus, the United States can enforce Stewart Mechanical's rights to declare the note in default and exercise its accompanying rights to foreclose upon the Sprite Road mortgage.

The United States also requests that the court order the sale of the Sprite Road property. The United States contends that the court is empowered to order such a sale pursuant to 26 U.S.C. § 7403, which authorizes the United States to file a civil action in a district court against a delinquent taxpayer. In a proceeding under § 7403, a district court may adjudicate all matters involving the delinquent taxpayer's property, make a final determination of the merits of all claims to property owned by a delinquent taxpayer, and, if the United States has established its interest in the property, order a sale of the property. 26 U.S.C. § 7403. The court may sell property owned by a delinquent taxpayer, even if a non-delinquent third party also has an ownership interest in the property. *U.S. v. Rodgers*, 461 U.S. 677, 693–94 (1983).

Distler argues that principles of equitable discretion bar the United States from seeking the sale of the Sprite Road property. The Supreme Court has recognized that a court may refuse to order the sale of property under § 7403 if the sale would cause undue hardship to an innocent third party. *Id.* at 709–11; *U.S. v. Barr*, 617 F.3d 370, 375–76 (6th Cir. 2010). A court should exercise this discretion "rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." *Rogers*, 461 U.S. at 711. The Court formulated a four-factor balancing test to aid courts faced with the task of ordering the sale of property pursuant to § 7403. *Id.* The test directs district courts to consider: (1) "the extent to which the Government's financial interest would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes;" (2) "whether the third party with a non-liable separate interest in the property would, in the normal course of events . . . , have a legally recognized expectation that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors;" (3) "the likely prejudice to the third party, both in personal dislocation costs and in . . . practical undercompensation;" and (4) "the relative character and value of the non-liable and liable interests held in the property."[3] *Id.* at 709–11.

In the instant action, the court declines to exercise its discretion and will order the sale of the Sprite Road property because Distler is not an "innocent third party" to whom the principles of equitable discretion were intended to apply.[4] Distler is liable to Stewart Mechanical for his obligations under the note and, upon Distler's default, Stewart Mechanical could foreclose upon the mortgage and order the sale of the Sprite Road property. Because the court has determined

---

[3] The Court did not intend for this to be an exhaustive list. *Rodgers*, 461 U.S. at 711 ("[W]e certainly do not contemplate that [these factors] be used as a 'mechanical checklist' to the exclusion of common sense and consideration of special circumstances."). Courts frequently apply this principle of equitable discretion when the United States seeks to order the sale of a delinquent taxpayer's home, and the taxpayer's non-delinquent spouse also retains an interest in the home. *See, e.g.*, *id.*; *U.S. v. Winsper*, 680 F.3d 482 (6th Cir. 2012).

[4] The United States contends that Distler should not qualify as an innocent third party because "Distler received the loaned amount, failed to make any payments, and was president of Stewart Mechanical when it accrued the federal tax liabilities at issue." (DN 50, p. 2).

that the United States' federal tax liens attach to Stewart Mechanical's rights to property, including Stewart Mechanical's right to foreclose upon the mortgage and order the sale of the Sprite Road property, the United States can also exercise Stewart Mechanical's right to order the sale of the Sprite Road property. Thus, the court may order the sale of the Sprite Road property pursuant to the broad jurisdiction granted to it by 26 U.S.C. § 7403.

The final issue to be resolved is the priority of the liens against the Sprite Road property. This issue is governed by federal law. *See Blachy v. Butcher*, 221 F.3d 896, 905 (6th Cir. 2000) (citation omitted). Several entities and individuals hold liens against the Sprite Road property, including the United States, ATF, Metro Government, Steven J. Kriegshaber, and Chubb Corp. The United States contends that its federal tax liens are superior in priority to all other liens against the Sprite Road property, with the exception of the ad valorem real property tax liens held by ATF and Metro Government. (DN 48-3, p. 8). Thus, the court need only determine the priority of the liens held by Steven J. Kriegshaber and Chubb Corp. This court previously subordinated the judgment lien held by Steven J. Kriegshaber to the claims of the United States. (DN 22). The court will now subordinate the judgment lien held by Chubb Corp. to the federal tax liens held by the United States because the United States was the first to record its lien.[5] *See State Bank of Fraser v. U.S.*, 861 F.2d 954, 963 (6th Cir. 1988) ("The priority of federal liens vis-a-vis other liens is governed by the principles that first in time is first in right[.]"). Thus, the ad valorem real property tax liens held by ATF and Metro Government are superior in priority to the United States' federal tax liens on the Sprite Road property, but the United States' federal tax liens have priority over the judgment liens held by Steven J. Kriegshaber and Chubb Corp.

---

[5] Chubb Corp. holds a judgment against Stewart Mechanical and Distler entered September 25, 2007, and it recorded notices of judgment liens in Jefferson County on February 20, 2009. (DN 34, ¶ 3). The United States filed notices of federal tax liens against Stewart Mechanical in Jefferson County on July 11, 2006, August 24, 2006, September 22, 2006, and November 24, 2010. (DN 48-1, ¶ 9).

**IV.**

For the reasons stated above, the United States' motion for summary judgment (DN 48) is **GRANTED**. A separate order will be entered in accordance with this opinion.

November 26, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**